IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Laura Acosta, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:15-495-RBH-KDW |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Hilton Worldwide d/b/a Hilton, Grand | ) | |
| Vacations at Myrtle Beach; Hilton Grand | ) | |
| Vacations Company, LLC; Hilton Resorts | ) | |
| Corporation; Hilton Grand Vacations | ) | |
| Management Company, Inc.; and | ) | |
| Mark Lamonica, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Laura Acosta ("Acosta" or "Plaintiff"), filed this action against her former employer Hilton Grand Vacations Company, LLC ("Defendant" or "Hilton"); other Hilton entities;[1] and Mark Lamonica[2] in the Court of Common Pleas of Horry County, South Carolina. Defendant removed the matter to this court and filed an answer and Partial Motion to Dismiss, ECF No. 5. Plaintiff's Complaint, ECF No. 1-1, contains the following causes of action: claims

---

[1] In Defendants' Notice of Removal, ECF No. 1; Answer, ECF No. 6; Answers to Local Rule 26.01 Interrogatories, ECF No. 3; and Motion to Dismiss, ECF No. 5, they consistently note that Hilton Grand Vacations Company, LLC is properly identified and is the only proper corporate Defendant in this case. Further, Defendants indicate that the "remaining corporate Defendants did not employ Plaintiff, are not related to Plaintiff's claims, and are not properly identified in Plaintiff's Complaint." *See* Notice of Removal 1 n.1. They also note that there is no such entity as "Hilton Grand Vacations Management Company, Inc." *See id.* It does not appear that Plaintiff has responded to these statements in any manner. *It is recommended that Hilton Worldwide d/b/a Hilton, Grand Vacations at Myrtle Beach; Hilton Resorts Corporation; Hilton Grand Vacations Management Company, Inc. be dismissed without prejudice and the caption amended to reflect this change.* The court's reference to "Hilton" or "Defendant" herein encompasses all Defendants that have appeared at the time of this Report and Recommendation.

[2] Defendant Mark Lamonica has not made an appearance in this matter. Further, although another individual is referenced in Plaintiff's Complaint as a potential defendant, he does not appear in the caption and is not a party to this action.

of hostile work environment; sexual harassment/sex discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*.; discrimination based on age and disability pursuant to the Age Discrimination in Employment and Americans with Disabilities Acts ("ADEA" and "ADA" respectively); violation of the South Carolina Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* ("SCWA"); and claims for breach of contract, violation of Plaintiff's rights to privacy, defamation, and breach of an implied covenant of good faith and fair dealing. Compl., ECF No. 1-1.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's Partial Motion to Dismiss, in which it seeks dismissal of the claims for breach of contract and the breach of the covenant of good faith and fair dealing,[3] as well as dismissal of Plaintiff's claim for violation of privacy rights to the extent she seeks recovery for Defendant's alleged violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Def.'s Partial Mot. Dismiss, ECF No. 5. Plaintiff filed a responsive memorandum, ECF No. 20, to which Defendant filed a Reply, ECF No. 23. Having reviewed the parties' submissions and the applicable law, the undersigned recommends that Defendant's Partial Motion to Dismiss, ECF No. 5, be granted.

I.    Background and Standard of Review

Plaintiff, a "Latino/Italian female over the age of forty," Compl. ¶ 19, alleges[4] she was wrongly terminated by Defendant on May 14, 2013. She filed her EEOC charge in February 2014, and filed this action upon receiving right-to-sue letters from the EEOC and the South

---

[3] In responding to the Motion, Plaintiff voluntarily dismisses her cause of action for the breach of implied covenant of good faith and fair dealing (Tenth Cause of Action). Pl.'s Resp. 7. It is recommended that this cause of action be dismissed with prejudice.

[4] These background facts are taken from Plaintiff's Complaint, which principally draws from the charge Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"). Compl., ECF No. 1-1; EEOC Charge, ECF No. 20-2.

Carolina Human Affairs Commission ("SHAC"). Compl. ¶¶ 12-18. Defendant does not challenge Plaintiff's exhaustion of administrative remedies; it moves to dismiss Plaintiff's breach of contract claim and to partially dismiss Plaintiff's claim of violation of her privacy rights pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (noting consideration of a Rule 12(b)(6) motion requires that the court "view the complaint in a light most favorable to the plaintiff."). Nonetheless, the court need not accept legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), or "legal conclusions drawn from the facts." *Monroe v. City of Charlottesville,* 579 F.3d 380, 385–86 (4th Cir. 2009) (internal quotation omitted). "Similarly, [the court] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Although the usual rule is that a court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein," *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013), a court may properly consider documents "attached or incorporated into the complaint," as well as documents attached to the defendant's motion, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009); *see also Anand v. Ocwen Loan Servicing, LLC,* 754 F.3d 195, 198 (4th Cir. 2014); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir.

2011). *See New Beckley Mining Corp. v. UMWA,* 18 F.3d 1161, 1164 (4th Cir. 1994) (holding district court did not err in relying on document that plaintiff referred to in its complaint to justify cause of action); *Oroujian v. Delfin Grp. USA LLC*, 57 F. Supp. 3d 544, 556-57 (D.S.C. 2014) (considering employee handbook discussed in complaint and provided as exhibit to motion filing and granting Rule 12(b)(6) dismissal of breach-of-employment-contract claim); *Bowie v. Univ. of Md. Med. Sys.*, No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *6 (D. Md. Mar. 31, 2015) (granting Rule 12(b)(6) dismissal of plaintiff's ADA claim as time-barred and considering the EEOC Charge and Right to Sue Letter as being "integral" to the decision).

In this case, Plaintiff's Complaint includes detailed reference to and quotations from various policies and the "Hilton Worldwide Hotel Team Member Handbook" [hereinafter "Handbook"] provided to her by Defendant when she became employed. *See* Compl. ¶¶ 24-34. Plaintiff includes the Handbook as an exhibit in opposition to Defendant's Motion to Dismiss. ECF No. 20-1. Defendant includes several pages of the Handbook as an exhibit to its Motion. Neither party has questioned the accuracy or authenticity of the "Team Member Handbook" or the pages provided by Defendant, and the court appropriately considers them herein.[5]

II.     Analysis

A.     Plaintiff's Breach of Contract Claim

Defendant argues Plaintiff's Breach of Contract claim should be dismissed as a matter of law because Plaintiff has not set out a plausible claim there was a contract between the parties. Plaintiff alleges she was "issued certain policies and procedures by [Defendant] as part of her employment with [Defendant,]" and was not required to sign a disclaimer. Compl. ¶¶ 165-67. Claiming these policies and procedures, including the Handbook, created a contract of

---

[5] Although the copy of the Handbook supplied by Plaintiff contains several stray handwritten notes, the court has not considered these notes herein.

employment between her and Defendant, Plaintiff avers Defendant breached that contract by failing to follow certain procedures and by terminating her. *Id.* ¶¶ 164-74.

Defendant argues it is entitled to Rule 12(b)(6) dismissal because Plaintiff's claim is "based on her incorrect contention that the employee handbook and related policies she received at the beginning of her employment with [Defendant] constituted an employment contract with Defendant[]." Def.'s Mem. 4. Defendant correctly notes that South Carolina has long recognized the doctrine of employment at will. *Lawson v. S.C. Dep't of Corr.*, 532 S.E.2d 259, 260 (S.C. 2000); *Culler v. Blue Ridge Elec. Coop., Inc.*, 422 S.E.2d 91 (S.C. 1992). Defendant argues Plaintiff's averment that she had not been required to sign a disclaimer is "demonstrably false." *Id.* at 8. Defendant attaches relevant portions of the Handbook to its Motion, including a document signed on March 8, 2012 by Plaintiff that acknowledges she received and reviewed the Handbook. ECF No. 5-2. Defendant also provides page 35 of the Handbook, which is entitled "Disclaimer." ECF No. 5-3. Discussing these documents, Defendant submits Plaintiff cannot demonstrate a contract existed between the parties. Def.'s Mem. 9.

In response, Plaintiff does not refute the general premise that, in South Carolina, employment is presumed to be at-will. Rather, she argues she has sufficiently pleaded the existence of a contract because the Handbook and policies she received did not comply with section 41-1-110 of the South Carolina Code requiring a conspicuous disclaimer of contract of employment created by handbook, personnel manual or other document issued by employer. *See* S.C. Code Ann. § 41-1-110. Plaintiff further submits she has set forth sufficient allegations of the elements of breach of contract to survive dismissal. Pl.'s Mem. 4-6.

On reply, Defendant reiterates that, the lack of a disclaimer complying with the South Carolina statutory requirement notwithstanding, Plaintiff cannot demonstrate a contract existed between Plaintiff and Defendant. Def.'s Reply, ECF No. 23. The undersigned agrees.

To establish a contract, Plaintiff must establish these elements: offer, acceptance, and valuable consideration. *See Sauner v. Pub. Serv. Auth. of S.C.*, 581 S.E.2d 161, 166 (S.C. 2003). "A valid offer 'identifies the bargained for exchange and creates a power of acceptance in the offeree.'" *Id.* (citing *Carolina Amusement Co., Inc. v. Conn. Nat'l Life Ins., Co.,* 437 S.E.2d 122 (S.C. Ct. App. 1993)). In considering breach-of-employment-contract claims, though, there is a presumption in South Carolina that employees are at-will. *See Prescott v. Farmer's Tel. Co-op., Inc.,* 516 S.E.2d 923, 927, n.8 (S.C. 1999) "[I]n order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'" *Oroujian*, 57 F. Supp. 3d at 556-57 (quoting *Perrine v. G4S Solutions (USA), Inc.,* No. 11–1210, 2011 WL 3563110, at *2 (D.S.C. Aug. 9, 2011) (internal quotations omitted).

As an initial matter, the undersigned agrees with Plaintiff's argument that the Handbook did not contain a disclaimer that met the requirements of S.C. Code Ann. § 41–1–110, which requires that a conspicuous disclaimer of any contract of employment be written on the first page in "underlined capital letters," and signed by the employee.[6] However, the absence of such a

---

[6] Section 41-1-110 of the South Carolina Code provides in pertinent part as follows:

> It is the public policy of this State that a handbook, personnel manual, policy, procedure, or other document issued by an employer or its agent after June 30, 2004, shall not create an express or implied contract of employment if it is conspicuously disclaimed. For purposes of this section, a disclaimer in a handbook or personnel manual must be in underlined capital letters on the first page of the document and signed by the employee. For all other documents referenced in this section, the disclaimer must be in underlined capital letters on

specific disclaimer does not require automatic denial of Defendant's Motion to Dismiss this cause of action. *See Oroujian*, 57 F. Supp. 3d at 557 (assuming employee handbook failed to comply with statutory conspicuous-disclaimer requirements, "does not establish a plausible claim that a contract of employment existed."); *see also Jaghinan v. Delfin Grp. USA LLC*, No. CA 2:13-2992-PMD, 2014 WL 5488407, at *9 (D.S.C. Oct. 29, 2014) (same). The *Oroujian* court noted that a lack of clear compliance with § 41-1-110 is "not required and certainly does not establish the existence of a contract[] if the employee handbook at issue otherwise does not contain mandatory language sufficient to alter the presumption in South Carolina of an at-will employee relationship." 57 F. Supp. 3d at 544; *see also Jaghinan*, 2014 WL 5488407 at *9 (same). Here, too, the court must also consider whether Plaintiff's factual allegations, taken as true, set forth a plausible claim that a contract existed between Plaintiff and Defendant. *Perrine*, 2011 WL 3563110, at *2. Plaintiff bears the burden of establishing the existence and terms of the contract, as well as Defendant's breach of a term or terms, and resultant damages. *See Oroujian*, 57 F. Supp. 3d at 558; *see also Ferguson v. Waffle House, Inc.,* 18 F. Supp. 3d 705, 731 (D.S.C. 2014) (in summary judgment context).

Defendant argues Plaintiff has not set out facts sufficient to support the existence of a contract between the parties, making dismissal appropriate. Plaintiff responds by arguing that "it is clear from the claim that the Plaintiff was protected by the policies and procedures of the Defendant." Pl.'s Mem. 6. She argues Defendant discriminated against her "based on sex" and "failed and refused to enforce the policies of the Defendant and permitted its employees to insult the Plaintiff based on her national origin, gender and publish pictures of her breast to other employees." *Id.* Plaintiff submits that a "genuine issue of material fact exists" as to whether

the first page of the document. Whether or not a disclaimer is conspicuous is a question of law.

Defendant violated such policies and discriminated in violation of same. *Id.* In responding to Defendant's Motion, Plaintiff offers no detailed discussion of what portion of the Handbook and policies she claims altered her at-will employment status. In her Complaint, she sets out some additional particulars regarding which policies and portions of the Handbook and policies she deems relevant. *See* Compl. ¶¶ 24-34 (referencing, *inter alia*, Code of Conduct, policy of diversity, and anti-discrimination policy).[7]

The undersigned has reviewed the policies referenced by Plaintiff in her Complaint and has undertaken its own review of the documents provided in conjunction with the instant Motion, and finds no language sufficient to establish a plausible breach of contract claim. *See Oroujian*, 57 F. Supp. 3d at 558-59 (finding no plausible contract of employment, collecting cases).

Further, language in the Handbook and documents provided make it patently plain that no contract of employment was contemplated. Plaintiff indisputably signed a document entitled "Receipt and Acknowledgement of Team Member Handbook & Related SPI'S." ECF No. 5-2. By signing this form, Plaintiff acknowledged that she "under[stood] that neither the Team Member Handbook, nor any other communications regarding [her] employment by a Hilton management representative, is intended or implied in any way to create a contract of permanent employment." *See id.* Plaintiff also acknowledged that she "further under[stood] that [her] employment [was] at-will and may be terminated with or without cause and with or without further notice." *Id.* Additionally, the Handbook contains a disclaimer that states the following:

> Employment with Hilton is on an at-will basis. This means that the employment relationship may be terminated at any time by either you or Hilton for any reason with or without cause and with or without notice. The contents of this Handbook DO NOT CREATE A CONTRACT OF CONTINUED EMPLOYMENT OR

---

[7] This is not to say that Plaintiff pleads her breach-of-contract claim sufficiently. The court notes that some of the allegations are no more than a listing of "things" in the "Code of Conduct." *E.g.*, Compl. ¶ 28. Further, Plaintiff quotes several policies without providing citations to them at all.

EMPLOYMENT FOR A SPECIFIED TERM OR OTHERWISE LIMIT THE AT-WILL EMPLOYMENT RELATIONSHIP.

*See* ECF No. 5-3 (emphasis in original). That the page containing this disclaimer is not signed by Plaintiff and that the "magic words" required by the South Carolina statute are not present on the Handbook's first page does not render this unequivocal language meaningless. Rather, by the terms expressly acknowledged by Plaintiff, *see* ECF No. 5-2, she was an at-will employee. *See also* Handbook 20, ECF No. 20-1 at 22 (noting that upon "successful completion" of a 90-day introductory period, a new hire would attain "'regular' status," but that such status "should not be interpreted to mean that you have a permanent job—you are still considered an at-will employee.").

Plaintiff cannot demonstrate that a contract existed between her and Defendant. Plaintiff's claim for breach of contract should be dismissed.[8]

B.    Partial Motion to Dismiss Claim for Violation of Plaintiff's Rights to Privacy

Defendant also seeks dismissal pursuant to Rule 12(b)(6) as to Plaintiff's Eighth Cause of Action for "Violations of Plaintiff's Rights to Privacy," to the extent that she seeks recovery for alleged HIPAA violations, noting HIPAA creates no private right of action. Def.'s Mem. 11-12 (citing numerous cases). In her response, Plaintiff characterizes this argument as "contend[ing] that the Plaintiff has no right to privacy of her medical records." Pl.'s Mem. 7. In reply, Defendant confirms that it "makes no such claim[,]" noting it seeks dismissal of the Eighth Cause of Action "only to the extent it is premised on Defendants' alleged violation of [HIPAA]." Def.'s Reply 3.

---

[8] Defendant also seeks dismissal claiming that, because Plaintiff's breach of contract claim is based on the same conduct complained of in her Title VII, ADEA, and ADA claims, she is limited to the remedies provided in those statutes. Because Plaintiff has not established a plausible breach of contract claim, that argument is moot and need not be considered herein.

It is clear that a private right of action does not exist based upon HIPAA violations. *See, e.g., Segen v. Buchanan Gen. Hosp., Inc.*, 552 F. Supp. 2d 579, 584 (W.D. Va. 2007). Plaintiff does not argue otherwise.

This portion of Defendant's Motion to Dismiss should be granted and Plaintiff's Eighth Cause of Action dismissed only to the extent it seeks recovery for alleged HIPAA violations.

III.    Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendant's Partial Motion to Dismiss, ECF No. 5, be *granted*, as follows:

- Plaintiff's Sixth Cause of Action (breach of contract) should be dismissed;

- Plaintiff's Eighth Cause of Action (violation of right to privacy) should be dismissed only to the extent it seeks recovery pursuant to HIPAA; and

- Plaintiff's Tenth Cause of Action (breach of implied covenant of good faith and fair dealing) should be dismissed.

In addition, it is recommended that Hilton Worldwide d/b/a Hilton, Grand Vacations at Myrtle Beach; Hilton Resorts Corporation; Hilton Grand Vacations Management Company, Inc. be dismissed without prejudice and the caption amended to reflect this change.

IT IS SO RECOMMENDED.

June 9, 2015                                   Kaymani D. West
Florence, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**