IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAURA ACOSTA,                                      )<br>　　　　　　　　　　　　Plaintiff,   )<br>-v-                                                            )<br>HILTON WORLDWIDE d/b/a HILTON   )<br>GRAND VACATIONS AT MYRTLE   )<br>BEACH; HILTON GRAND   )<br>VACATIONS COMPANY, LLC;   )<br>HILTON RESORTS CORPORATION;   )<br>HILTON GRAND VACATIONS   )<br>MANAGEMENT COMPANY, INC.; and  )<br>MARK LAMONICA,                               )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　Defendants.[1]   )<br>　　　　　　　　　　　　　　　　　 ) | C.A. No. 4:15-cv-00495-RBH-KDW |

This matter is before the court on Defendant Hilton's Motion to Compel. ECF No. 29. Having considered the Motion; Plaintiff's Response, ECF No. 31; and Defendant's Reply, ECF No. 32; and applicable law, the court *grants in part* the Motion to Compel.

I.     Background

Plaintiff was employed by Defendant from February 27, 2012 until on or around May 14, 2015. Plaintiff's suit against Defendant claims hostile work environment; sexual harassment/sex

---

[1] In Defendants' Notice of Removal, ECF No. 1; Answer, ECF No. 6; Answers to Local Rule 26.01 Interrogatories, ECF No. 3; and Motion to Dismiss, ECF No. 5, they consistently note that Hilton Grand Vacations Company, LLC is properly identified and is the only proper corporate Defendant in this case. Further, Defendants indicate that the "remaining corporate Defendants did not employ Plaintiff, are not related to Plaintiff's claims, and are not properly identified in Plaintiff's Complaint." *See* Notice of Removal 1 n.1. They also note that there is no such entity as "Hilton Grand Vacations Management Company, Inc." *See id.* It does not appear that Plaintiff has responded to these statements in any manner. The undersigned has recommended *that Hilton Worldwide d/b/a Hilton, Grand Vacations at Myrtle Beach; Hilton Resorts Corporation; Hilton Grand Vacations Management Company, Inc. be dismissed without prejudice and the caption amended to reflect this change. See* ECF No. 24. In any event, the court's reference to "Hilton" or "Defendant" herein encompasses all Defendants that have appeared at this time. Defendant Mark Lamonica has not made an appearance in this matter. Further, although another individual is referenced in Plaintiff's Complaint as a potential defendant, he does not appear in the caption and is not a party to this action.

discrimination, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; discrimination based on age and disability pursuant to the Age Discrimination in Employment and Americans with Disabilities Acts ("ADEA" and "ADA" respectively); violation of the South Carolina Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* ("SCWA"); and claims for breach of contract, violation of Plaintiff's rights to privacy, defamation, and breach of an implied covenant of good faith and fair dealing. Compl., ECF No. 1-1. The undersigned has recommended the claims for breach of contract, defamation, and breach of an implied covenant of good faith and fair dealing be dismissed and that the claim of violation of the right to privacy be partially dismissed. *See* ECF No. 24 (considering Defendant's Partial Motion to Dismiss, ECF No. 5). Plaintiff's objections as to the recommendation that the breach of contract claim be dismissed, ECF No. 25, are under consideration by United States District Judge Bryan B. Harwell. Because all of Plaintiff's claims center on her employment by Defendant and her separation from that employment, the disposition of Defendant's Partial Motion to Dismiss will not impact the undersigned's analysis and ruling on Defendant's Motion to Compel.

II.     Applicable Law

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the

district court."). Rule 37(d)(3) provides that when a party fails to serve written responses, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The party opposing the discovery—here Plaintiff—bears the burden of demonstrating why discovery should be denied. *E.g.*, *Beazer Homes Corp. v. Hartford Fire Ins. Co.,* No. 4:10–cv–2419–RBH–TER, 2012 WL 6210323, at *4 (D.S.C. Dec.13, 2012) ("The party opposing a motion to compel bears the burden [of] showing why it should not be granted."). Guided by these principles, the court considers Defendant's Motion.

III.    Analysis

    A.    Counsels' Communications Concerning the Discovery at Issue

Defendant, Plaintiff's former employer, served Plaintiff with interrogatories and requests to produce on February 25, 2015. *See* ECF No. 29-1. After several consensual extensions of time, *see* ECF Nos. 29-2 and 29-3, Plaintiff responded to Defendant's discovery on April 27, 2015, ECF No. 29-4. Plaintiff did not respond substantively to interrogatories 19-24 and objected to those interrogatories because, *inter alia,* they "exceed[ed] the number [of interrogatories] permissible under the Federal Rules of Civil Procedure." ECF No. 29-4 at 8-9. In a May 5, 2015 letter to Plaintiff's counsel, Defendant's counsel set out in detail the specific alleged deficiencies in Plaintiff's responses. ECF No. 29-5.  Defense counsel concluded the letter by giving Plaintiff until May 26, 2015 (a 28-day extension from the prior extended due-date of April 27, 2015)[2] to fully respond to Defendant's requests. Counsel also noted that such extension also extended by 28 days Defendant's deadline to file a motion to compel. *Id.* at 8. Plaintiff's counsel advises that defense counsel sent an email on May 22, 2015 indicating Defendant planned to file a motion to

---

[2] The 28-day period of extension ended on May 25, 2015. Because May 25, 2015 was a federal holiday, the due date became May 26, 2015. *See* Fed. R. Civ. P. 6(a)(1).

compel. Pl.'s Mem. 2. Plaintiff's counsel emailed defense counsel on May 25, 2015, noting Plaintiff had sent an email "trying to resolve your discovery responses" and "did not expect Defendant to file a motion to compel" on May 26, 2015. ECF No. 31-1 at 1. Defense counsel responded by indicating he still planned to file a motion to compel, but he would wait until May 28, 2015 to give Plaintiff the opportunity to further address Defendant's discovery concerns. *Id.*

In a May 28, 2015 email Plaintiff's counsel sought until June 1, 2015 to provide updated responses; defense counsel consented. ECF No. 29-6. On June 3, 2015, Plaintiff served supplemental discovery responses. ECF No. 29-7. Defense counsel sent Plaintiff's counsel an email on June 11, 2015, acknowledging the supplemental responses but indicating Plaintiff had not yet supplemented several interrogatories and requests for production that Defendant believed had not yet been answered sufficiently. ECF No. 29-8. Defense counsel requested that Plaintiff supplement the responses identified as insufficient and provide a privilege log to Defendant within 10 days. Defense counsel noted the additional 10 days would extend the time by which any motion to compel would be due. *Id.* In closing, defense counsel noted he believed the issues could be resolved without a motion becoming necessary and asked Plaintiff's counsel to advise him whether a telephone call between counsel might be helpful in discussing the disputed responses. *Id.* Although not specifically noted in the email, that additional 10 days would make Plaintiff's supplemental responses due on June 22, 2015.[3] Plaintiff provided a privilege log and a supplemental response to one request for production on June 22, 2015. *See* ECF No. 29-9. The parties did not discuss discovery issues further prior to Defendant's filing the instant Motion. *See* Pl.'s Mem. 3.

On July 13, 2015, Defendant filed its Motion to Compel, seeking to have Plaintiff be required to more completely supplement the allegedly deficient responses. The Motion includes

---

[3] Ten days from June 11, 2015 falls on Sunday, June 21, 2015, making the deadline Monday, June 22, 2015 based on Federal Rule of Civil Procedure 6(a)(1).

substantive discussion of Plaintiff's responses to Interrogatories 15 and 16 and Request for Production 13. Def.'s Mem. 5-6, 13. In addition, Defendant submits, *inter alia*, Plaintiff's objections in Interrogatories 20-24 that these interrogatories exceed the number permitted by the Rules. Def.'s Mem. 6-9.[4] In response, Plaintiff submits Defendant's Motion should be denied because defense counsel failed to consult with Plaintiff's counsel as required. Pl.'s Mem. 2-3. Plaintiff also states that Defendant's Motion is untimely and that Defendant exceeded the number of permissible interrogatories. *Id.* at 3-4. Finally, Plaintiff briefly responds to Defendant's substantive argument regarding Interrogatories 15 and 16 and Request 13. *Id.* at 4-5. In reply, Defendant submits that it timely filed its Motion and consulted in good faith with opposing counsel prior to filing the Motion. Def.'s Reply 2-3. Defendant also further responds to the number-of-interrogatories argument and to Plaintiff's substantive response to Interrogatories 15 and 16. *Id.* at 3-7.

    A.    Adequacy of Defendant's Consultation

Plaintiff argues defense counsel did not consult with Plaintiff's counsel prior to filing the Motion. She submits that the last communication from defense counsel mentioning a motion to compel was the June 11, 2015 email. The June 11, 2015 email from defense counsel lists several interrogatories and requests for production that Plaintiff had not yet supplemented. ECF No. 29-8) (noting Plaintiff had not supplemented responses to Interrogatories 15, 16, 20-24 and Requests 13, 19). The email requested that such supplementation be provided within 10 days and noted the desire not to have to file a motion to compel. *Id.* Within the 10-day deadline, Plaintiff supplemented her response to one Request for Production (20) and did not supplement any interrogatory responses.

---

[4] Although Plaintiff also interposed the objection regarding the permissible number of subparts to Interrogatory 19, Defendant does not discuss that interrogatory in its Motion.

Plaintiff states that "[a]t no time did the Defendant pick up the phone and attempt to call the Plaintiff's attorney to resolve this matter." Pl.'s Mem. 3. Pointing to the various emails to Plaintiff's counsel discussing the alleged insufficiency of Plaintiff's responses, Defendant asserts defense counsel adequately consulted, noting defense counsel invited Plaintiff's counsel to let him know if a telephone call would be helpful. ECF No. 29-8.

Local Civil Rule 7.02 requires that motions (other than specific motions not relevant here) include an "affirmation by movant's counsel that prior to filing the motion he or she conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion. If a conference could not be held despite an attempt to do so, counsel shall explain why such conference could not be held." Local Civ. Rule 7.02 (D.S.C.).

Having reviewed the parties' filings, the undersigned is satisfied that defense counsel partially satisfied the Local Rule 7.02 requirement in that counsel attempted several times to have Plaintiff provide more complete responses. These written communications partially satisfy Local Rule 7.02's duty to consult. The court notes, however, that defense counsel did not include an affirmation with the motion indicating that counsel had conferred or attempted to confer prior to filing the motion. Further, defense counsel did not contact the undersigned's chambers to request a telephone conference in an attempt to resolve this matter informally as required by the court's scheduling order. Am. Scheduling Order ¶ 6, ECF No. 17 (**"No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02** *and* **have had a telephone conference with Judge West in an attempt to resolve the matter informally**.") (bold emphasis in original; italicized emphasis added).

Nonetheless, the court does not consider Defendant's technical failures to be tantamount to an abject failure to consult in good faith. Defense counsel sent several communications to

6

Plaintiff's counsel expressing concerns regarding Plaintiff's discovery responses and provided Plaintiff with requested extensions. Under the facts presented, the court finds Defendant adequately consulted with Plaintiff's counsel regarding these requests. In the future, though, counsel are reminded of Rule 7.02's affirmative requirement that an affirmation of consultation be included when filing a motion to compel. Additionally, counsel are to comply with any specific requirements set forth in their cases in the scheduling orders (or elsewhere) by the judge or judges assigned to the case.

  B. Timeliness

Plaintiff also includes a one-sentence argument that Defendant's Motion is untimely and "should have been filed on June 23, 2015." Pl.'s Mem. 3. Local Civil Rule 37.01(A) provides as follows:

> Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due. If counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order. *See also* Local Civ. Rule 29.01 (D.S.C.) (Modifications of Discovery Procedure). This extension will automatically extend the deadline for the motion to compel by an equal amount of time. The extension shall be confirmed in writing. In the event a later motion to compel is filed, the correspondence confirming the extension shall be attached.

Local Civ. Rule 37.01(A).

Defendant contends it timely filed the instant Motion because it filed it within 21 days of June 22, 2015, the date on which it received Plaintiff's supplemental discovery response in response to defense counsel's June 11, 2015 email to Plaintiff consulting about Plaintiff's allegedly insufficient discovery. Def.'s Reply 3.

7

The court agrees with Defendant and finds the Motion was timely filed. Although Plaintiff offered no analysis regarding what date she believed triggered the 21-day filing period, it seems she looks back to the June 3, 2015 supplemental discovery responses she filed. However, subsequently, Defendant sent an additional email regarding continued alleged deficiencies, ECF No. 29-8, and Plaintiff provided another supplemental response on June 22, 2015, ECF No. 29-9. The emails provided to the court indicate the extensions of time given Plaintiff to submit additional responses as well as concomitant extensions to the 21-day deadline for filing motions to compel. Defendant's July 13, 2015 Motion was timely filed, and the court will consider it on its merits.

      C.      The 25-interrogatory limit

Plaintiff's responses to Defendant's Interrogatories 19-24, include an objection that the interrogatory "exceeds the number permissible under the Federal Rules of Civil Procedure." *See* ECF No. 29-4 at 8-9. Plaintiff includes some additional objections to these interrogatories. *See id.* (claiming the questions are "vague and ambiguous, overly broad, and unduly burdensome and not calculated to lead to discoverable information" and some are "protected by work product and attorney client privilege" to the extent they seek discoverable information). Plaintiff provides no substantive responses to these interrogatories. Defendant argues that its proffered interrogatories, including subparts, have not exceeded the interrogatory limit. *See* Def.'s Mem. 6 (citing *Elmore v. City of Greenwood*, No. 3:13-cv-1755-TLW-KDW, 2014 U.S. Dist. LEXIS 83290, at *7 (D.S.C. June 19, 2014)).

Pursuant to Rule 33(a)(1) of the Federal Rules of Civil Procedure: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." In discussing whether an interrogatory containing subparts should count as one or multiple interrogatories under Rule 33, the Advisory

8

Committee Notes indicate that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisory Committee's Note on Fed. Rule Civ. Proc. 33, 146 F.R.D. 401, 675 (1993). However, the Advisory Committee also noted that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." *Id.* at 675-76. Federal Practice and Procedure Commentators Wright, Miller, and Marcus have looked to advisory committee notes on the subject and found "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, [and] an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation." 8B Wright, Miller, and Marcus, *Federal Practice and Procedure*, § 2168.1 (3d ed. Supp. 2013).

In support of her objections, Plaintiff offers no legal argument regarding how Defendant's 24 numbered interrogatories have exceeded the 25-question limit. Rather, she merely lists—without explanation—the number of subparts she contends Defendant's interrogatories have. *See* Pl.'s Mem. 3-4. For example, Plaintiff claims Interrogatory 2 contains four subparts. *Id.* at 3. Interrogatory 2 requires that Plaintiff "[s]et forth the name, address and telephone number of all persons who have provided any written, oral, electronic, or other statements, in any form, that relate to the allegations in [the] complaint." Curiously, although Plaintiff did not interpose the interrogatory-limit objection until Interrogatory 19, the subparts she contends Interrogatories 1-18 have "totals over 66 discrete subparts." Pl.'s Mem. 4. Indeed, based on the subpart list Plaintiff provides, Interrogatories 1-7 contain 25 subparts.

As the party asserting the objection, Plaintiff bears the burden of demonstrating why discovery should be denied. *See Beazer Homes,* 2012 WL 6210323, at *4. This she has not done.

9

Her unsupported, unexplained metrics of how many subparts each of Defendant's Interrogatories contain defy logic. Plaintiff has not convinced the court that her refusal to respond to Interrogatories 19-24 is because they exceed the 25-interrogatory limit. That objection is overruled.[5] Absent other valid objections, Plaintiff is to provide full responses to Interrogatories 20-24.[6]

    D.    Specific Requests and Objections

The court now considers Defendant's substantive request that Plaintiff be required to respond to Interrogatories 15, 16, 20-24 and Request for Production 13. *See* Def.'s Mem. 5-9.

    1.    Interrogatory 15

> 15. Please identify all employment you held (including self-employment) prior to your employment with HGV, including the name, address, and telephone number of each employer, the dates of such employment and the position(s) you held.
>
> ANSWER: The Plaintiff objects to this interrogatory as overly broad and unduly burdensome and not calculated to lead to discoverable information. The interrogatory is only meant to harass the Plaintiff as the Defendant is well aware of the Plaintiff's employment history through her application for employment and background check with the Defendant.

ECF No. 29-4 at 7. Plaintiff has not supplemented her response to this interrogatory. In responding to Defendant's Motion, however, Plaintiff indicates she is willing to respond by providing the requested information from 2009 to the present. She submits providing that information for "the last 36 years of employment []" would be excessive and burdensome. Pl.'s Mem. 4. Defendant's Reply does not reference Plaintiff's willingness to provide the requested

---

[5] The court need not reach Defendant's alternative argument that Plaintiff has waived the excessive-interrogatory objection.

[6] Discovery in this matter ends on November 9, 2015. ECF No. 17. In the event Defendant propounds additional interrogatories, Plaintiff is to apply the law noted above in determining how many interrogatories, including subparts, have been propounded. Should the parties' require the court's assistance on this issue again, counsel are reminded of their duty to consult and the requirement that they contact the chambers of Judge West for an informal conference prior to filing any additional motion(s) to compel.

information from 2009 to the present; rather, Defendant reiterates its argument that it is entitled to Plaintiff's past and subsequent employment history. Def.'s Reply 6.

The court finds Plaintiff's subsequent and prior employment history to be discoverable as they are relevant to the claims in this case, including damages. *Iannucci v. Rite Aid Corp.*, No. 1:11CV281, 2012 WL 3019953, at *4 (W.D.N.C. July 24, 2012) *aff'd,* 512 F. App'x 365 (4th Cir. 2013) (finding prior and subsequent employment history to be discoverable in employment case). The court agrees with Plaintiff that to be required to provide all of her prior employment history would be unduly burdensome however. Plaintiff worked for Defendant from February 2012 through May 2013. Plaintiff's proposed supplemental responses will provide Defendant with employment information for three years prior to her employment with Defendant. The court finds this to be sufficient. The court notes that Plaintiff's objections to Interrogatory 15 have been withdrawn by her willingness to respond to this interrogatory for a limited period of time. Plaintiff is to provide Defendant with her detailed supplemental response to Interrogatory 15, including the requested information from January 2009 to the present.

### 2. Interrogatory 16

> 16. Provide the name and address of every educational institution you have attended with high school (including, but not limited to high schools, colleges/universities/technical schools, etc.) to the present, and set forth the dates of attendance and any degrees or certificates conferred.
> ANSWER: The Plaintiff objects to this interrogatory as overly broad and unduly burdensome and not calculated to lead to discoverable information. The interrogatory is only meant to harass the Plaintiff as the Defendant is well aware of the Plaintiff's employment history through her application for employment and background check with the Defendant.

ECF No. 29-4 at 7. Plaintiff has not supplemented this response. In responding to Defendant's Motion, Plaintiff stands on her objection, contending the question is "overly broad, unduly burdensome, and meant to harass" because Defendant already has this information based on a full background check performed when Plaintiff was hired. Pl.'s Mem. 4-5. Defendant asserts

that this education information is discoverable and that "Plaintiff's assumption that Defendant knows Plaintiff's full employment history is baseless and not recognized as the basis for an objection by the Federal Rules of Civil Procedure." Def.'s Mem. 6.

The court agrees with Defendant that this information is discoverable. Plaintiff has not sufficiently demonstrated it would be unduly burdensome to provide this information and that Defendant may already possess some of the information does not make it undiscoverable. Plaintiff's objections to Interrogatory 16 are overruled. Plaintiff is to provide a complete response to Interrogatory 16.

### 3. Interrogatories 20-24

As noted above, the court overrules Plaintiff's objection to Interrogatories 20-24 as exceeding the interrogatory limit.[7] Plaintiff has offered no further substantive argument regarding why she should not be required to provide this information.

Interrogatories 20-23 are similar in nature and Plaintiff has interposed the same objections to each of them, so the court considers them together. Each of these requests identification of persons or communications referenced in specific paragraphs of Plaintiff's Complaint. Interrogatory 20 seeks the identity of each person Plaintiff alleges published or received photographs of Plaintiff's breasts as referenced in paragraph 49; Interrogatory 21 requests the identity of each individual to whom Plaintiff claimed she was sexually harassed, including the dates of such claims, as claimed in paragraph 13; Interrogatory 22 asks Plaintiff to identify each electronic communication referenced in paragraphs 68, 186, and 187; and Interrogatory 23 asks that Plaintiff identify individuals whom she contends improperly reviewed electronic communications, as claimed in paragraphs 68 and 186 of her Complaint.

---

[7] Although Plaintiff interposed the interrogatory-limit objection in her response to Interrogatory 19 as well, Defendant's Motion does not seek an order regarding number 19. In its Reply, Defendant noted that, contrary to Plaintiff's initial objection, Plaintiff has served a supplemental response to Interrogatory 19. Def.'s Reply 5 n.2.

12

> Plaintiff provides the following identical response to Interrogatories 20-23:
>
> ANSWER: The Plaintiff first objects to this interrogatory as exceeding the number permissible under the Federal Rules of Civil Procedure. The Plaintiff also objects to this request as vague and ambiguous, overly broad and unduly burdensome and not calculated to lead to discoverable information. The Plaintiff objects to this request as requesting information that is protected by attorney work product and attorney client privilege and is therefore to that extent is not discoverable.

Plaintiff's first objection is overruled, as discussed above. Further, Plaintiff's boilerplate objections that the requests are "vague and ambiguous" or overly broad and unduly burdensome are without merit. The interrogatories seek specific, apparently identifiable information that Plaintiff references in her Complaint. These objections are also overruled.

Plaintiff also generally claims that the responses to Interrogatories 20-23 are protected by the work-product doctrine or the attorney-client privilege. Nowhere in Plaintiff's responses or in her response to the instant Motion has she provided any detailed explanation or argument regarding why this information would be protected or privileged. In fact, details of this nature are typically fundamental to Plaintiff's proof of her employment claims, making them subject to discovery. Absent detailed explanation regarding why this information is protected, Plaintiff is required to provide same.[8] Plaintiff must respond to Interrogatories 20-23, as well.

Interrogatory 24 seeks identification of persons who provided information as to the interrogatory responses. Plaintiff interposes the same compound objections as she did for Interrogatories 20-23. For the same reasons as discussed regarding Interrogatories 20-23, Plaintiff's objections to Interrogatory 24 are overruled and she is to supplement her response.

### 4.     Request for Production 13

The only Request at issue is Request 13, which asks that Plaintiff sign a release for psychotherapy records. Plaintiff's counsel indicated to Defendant's counsel that Plaintiff would

---

[8] The court's ruling is not intended to be construed as an order that *no* information potentially responsive to interrogatories could ever be privileged or protected.

sign such a release once a confidentiality order was entered. ECF Nos. 29-4, 29-5. Although the court has now issued a Confidentiality Order, ECF No. 19, Defendant indicates Plaintiff has not yet provided the signed release. Def.'s Mem. 9. Plaintiff responds that RFP 13 is now "moot" because Defendant has issued subpoenas to Plaintiff's listed doctors. Pl.'s Mem. 5. Defendant does not reference Request 13 in its Reply. Accordingly, the court finds this portion of Defendant's Motion to be moot. Nonetheless, should Plaintiff's healthcare providers require a release signed by Plaintiff, *Plaintiff is to provide such release within 10 days of the request*.

          5.      Defendant's Request for Costs and Attorneys' Fees

Rule 37(d)(3) provides that, when a party fails to act, "the court must require" the award of reasonable costs and attorney's fees that such failure caused, "unless the failure was substantially justified or other circumstance make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In this case, Plaintiff's counsel continued to communicate with defense counsel regarding the allegedly deficient responses. Although the court has found many of Plaintiff's objections to the interrogatories at issue to be meritless, the court finds that circumstances make such an award "unjust."[9] Accordingly, Defendant's request for costs and attorneys' fees is denied.

[Order continues on next page.]

---

[9] This finding should not be taken as the court's condoning Plaintiff's failure to provide substantive argument or reasoned analysis regarding her position on the number of interrogatories and subparts.

IV.     Conclusion

Defendant's Motion to Compel, ECF No. 29, is *granted in part*. No later than **September 10, 2015**, Plaintiff is to provide Defendant with responses to Interrogatories 15, 16, and 20-24. The response to Interrogatory 15 is to be limited to the time period of 2009 to present, as discussed above.

IT IS SO ORDERED.

August 27, 2015                                        Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge