UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Laura Acosta, | ) | Civil Action No.: 4:15-cv-00495-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Hilton Worldwide d/b/a Hilton Grand Vacations at Myrtle Beach; Hilton Grand Vacations Company, LLC; Hilton Resorts Corporation; Hilton Grand Vacations Management Company, Inc.; Mark Lamonica; | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on a motion to dismiss Plaintiff's sixth, eighth, and tenth causes of action [ECF #5] filed by Defendants, Hilton Worldwide d/b/a Hilton Grand Vacations at Myrtle Beach, Hilton Grand Vacations, LLC, Hilton Resorts Corporation, and Hilton Grand Vacations Management Company, Inc. ("Hilton Defendants") on February 9, 2015. Plaintiff alleges the following causes of action: 1) hostile work environment; 2) sexual discrimination; 3) retaliation; 4) age discrimination; 5) disability discrimination; 6) breach of contract; 7) violation of South Carolina Wages Act, S.C. Code Ann. § 41-10-10, *et seq*.; 8) violation of Plaintiff's right to privacy; 9) intentional infliction of emotional distress; 10) breach of implied covenant of good faith and fair dealing; and 11) defamation. This matter is before the court with the Report and Recommendation ("R&R") [ECF #24] of Magistrate Judge Kaymani D. West filed on June 9, 2015.[1] The Magistrate Judge recommended granting Defendants' motion to dismiss. Plaintiff filed timely objections

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02(B)(2)(g).

[ECF #25] to the Magistrate Judge's R&R and the Defendants filed a reply [ECF #27].

Plaintiff limited her objections to the Magistrate Judge's recommendation that Plaintiff's breach of employment contract claim be dismissed for failure to state a claim.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Rule 12(b)(6) Standard

When reviewing a motion made under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pled allegations in the plaintiff's complaint as true and draw all reasonable

factual inferences from those facts in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint attacked by a motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also*, *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

## Factual Background

The facts alleged in Plaintiff's Complaint that are related to Plaintiff's breach of employment contract cause of action are as follows:

Plaintiff is a Latino/Italian female over the age of forty. Plaintiff was employed by the Hilton Defendants for eight months. When the Plaintiff was hired, she was issued policies and procedures regarding her employment. [Complaint, ECF #1-1, at ¶ 24]. The Plaintiff received training regarding her employment to include Code of Conduct and Paid Time Off. *Id*. at ¶ 25. The Plaintiff received training regarding the Protocols of the Defendants. *Id*. at ¶ 26. The Code of Conduct was issued by Hilton Worldwide and set forth the Policies and Obligations of employees. *Id*. at ¶ 27. The Code of Conduct set forth such things as Statement of Policy, Our Obligations Under Law and Our Policies, Personal Accountability, Respecting and Valuing Diversity, Maintaining a Harassment Free Workplace, Creating a Safe and Healthy Work Environment Unacceptable Behaviors, Advertising and Marketing, Privacy, Conflict of Interest, Fair Dealing, Purchasing Practices, Business Courtesies,

Competition and Antitrust, Proprietary, Confidential and Trade Secret Information, Protecting Company Information and Assets, Creating and Maintaining Accurate Business Records. *Id*. at ¶ 28.

The policy set forth "Team members should alert their immediate supervisor, Human Resources, the Assistant General Counsel Governance and Compliance, or the General Counsel about any questions or concerns. Team members also may confidentially report concerns through the Hilton Ethics Hotline at www.hiltonhotline.com or in the United States XXX-XXX-5825." *Id*. at ¶ 29.  The policy also set forth "We encourage and value diverse work environment and will achieve success by valuing and leveraging the diversity of our workforce, our guests, our suppliers, and our partners. Respecting the diverse cultures throughout our global organization, as corporate citizens, we will address the local needs of the communities in which we serve, live and work around the world. Therefore, we will not tolerate any discrimination, harassment or retaliation against any individuals or group on the basis of ethnic, gender, racial, religious or cultural factors or any other characteristic protected by applicable law." *Id*. at ¶ 30.

The Defendants also set forth a policy against Harassment stating: "Harassment can take many forms including but not limited to: written or verbal abuse or threats, unwelcome remarks, jokes, slurs or taunting of a discriminatory nature, practical jokes that embarrass or insult someone, ignoring isolating or segregating a person, materials that are of discriminatory nature that are displayed publicly, circulated in the workplace, etc. or unwanted physical contact. If any Team Member feels that they are being harassed they should take immediate action by alerting a supervisor or Human Resources. All claims of harassment will be appropriately addressed. Hilton Worldwide will conduct any investigations as confidentially as possible." *Id*. at ¶ 31.

The Plaintiff further received a Hilton Worldwide Hotel Team Member Handbook. The Handbook set forth information regarding the Plaintiff's employment with the Defendants. The

Handbook set forth A Welcome Statement, Vision Statement, Mission Statement Values and Key Strategic Priorities, What Worldwide offered and expected, Local and State Harassment Free Workplace Provisions, Local and State Family Medical leave. *Id*. at ¶ 32.  The Member Handbook fails to follow the South Carolina Statute regarding disclaimers. *Id*. at ¶ 33.

During the Plaintiff's orientation, the Plaintiff was briefed on the Defendants' protocols and informed that all discipline would follow the disciplinary protocol.  The Defendants' discipline protocol stated that each employee would be entitled to a verbal warning, written warning and then termination. *Id*. at ¶ 34.

The Plaintiff was an exemplary employee, regularly performing in the top 15 of 60 employees. *Id*. at ¶ 35. The Plaintiff received no discipline throughout her employment with the Defendants. *Id*. at ¶ 36.

Plaintiff alleged that Defendant violated their policies and procedures by discriminating against the Plaintiff based on her sex, wrongfully terminating the Plaintiff's employment, and subjecting the Plaintiff to a hostile work environment. *Id*. at ¶ 168.  Plaintiff also alleges the Defendant further violated their policies and procedures by failing to follow the progressive discipline policy. *Id*. at ¶ 169.

## Discussion

**I.     Employee Handbook Breach of Contract Claim - Sixth Cause of Action**

The Magistrate Judge recommended dismissing Plaintiff's breach of employment contract claim finding that Plaintiff was an at-will employee and could not demonstrate that a contract existed between her and Defendants.  The Magistrate Judge reviewed a copy of the Employee Handbook, which Plaintiff attached to her response brief, and found "no language sufficient to

establish a plausible breach of contract claim." The Magistrate Judge also relied on Plaintiff's endorsement of a Handbook Acknowledgment Form indicating that Plaintiff was an at-will employee and could be terminated with or without cause and with or without further notice.

Plaintiff argues that she alleged that she was entitled to progressive discipline under an employer policy that was communicated to her during her orientation. Plaintiff alleges that she was entitled to a verbal and written warning prior to her termination and that Defendants terminated her without any prior discipline or warning. Plaintiff alleges that the Defendant violated the policies and procedures by failing to follow its progressive discipline policy and discriminating against Plaintiff.

Generally, an at-will employee may be terminated at any time for any reason or for no reason, with or without cause, subject to narrow exceptions and prohibitions against illegal discrimination. *Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 450 (S.C. 1999); *Grant v. Mount Vernon Mills, Inc.*, 634 S.E.2d 15, 19 (S.C. Ct. App. 2006). However, when the at-will status of an employee is altered by the terms of an employee handbook, an employee may bring a cause of action for wrongful discharge based on breach of contract. *Hessenthaler v. Tri-County Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 2005).

"A handbook forms an employment contract when: (1) the handbook provision(s) and procedure(s) in question apply to the employee, (2) the handbook sets out procedures binding on the employer, and (3) the handbook does not contain a conspicuous and appropriate disclaimer." *Grant*, 634 S.E.2d at 20. The South Carolina Supreme Court has held that "a disclaimer appearing in bold, capitalized letters, in a prominent position, is conspicuous." *Hessenthaler*, 616 S.E.2d at 697. In

order for a disclaimer to preserve the employee's at-will status, the disclaimer must comply with S.C. Code Ann. § 41-1-110, which provides that

> It is the public policy of this State that a handbook, personnel manual, policy, procedure, or other document issued by an employer or its agent after June 30, 2004, shall not create an express or implied contract of employment if it is conspicuously disclaimed. For purposes of this section, **a disclaimer in a handbook or personnel manual must be in underlined capital letters on the first page of the document and signed by the employee.** For all other documents referenced in this section, the disclaimer must be in underlined capital letters on the first page of the document. Whether or not a disclaimer is conspicuous is a question of law.

S.C. Code Ann. § 41-1-110 (emphasis added). The parties do not appear to dispute that disclaimer in this case is not conspicuous as a matter of law.

The fact that a disclaimer is not conspicuous, however, does not mean the handbook or policy created a contract as a matter of law. Rather, the Court should look to the entire text in resolving the issue. *Hessenthaler*, 616 S.E.2d at 697 (courts should look to whether the "handbook statements and the disclaimer, taken together, establish beyond any doubt tha[t] an enforceable promise either does or does not exist"); *Lingard v. Carolina By-Products*, 605 S.E.2d 545, 548 (S.C. Ct. App. 2004) ("[T]he disclaimer is merely one factor to consider in ascertaining whether the handbook as a whole conveys credible promises that should be enforced. . . [T]he entire handbook, including any disclaimer, should be considered in determining whether the handbook gives rise to a promise, an expectation and a benefit").

As stated in *Grant*, for a handbook or policy to form an employment contract, the handbook must set out procedures that are binding on the employer. *Grant*, 634 S.E.2d at 20. For example, "mandatory, progressive discipline procedures may constitute enforceable promises." *Hessenthaler*,

616 S.E.2d at 698. Mandatory, progressive discipline procedures typically provide that an employee may be fired only after certain steps are taken and create an expectation that employment is guaranteed for a specific duration. *Id*. In contrast, general policy statements do not create an expectation that employment is guaranteed for any specific duration or that a particular process must be followed before an employee may be fired. *Id*. For a general policy statement to be enforceable as a contract, the policy statement "must be definitive in nature, promising specific treatment in specific situations." *Id*.; *King v. Marriott Int'l, Inc.*, 520 F. Supp. 2d 748, 756 (D.S.C. 2007).

"The issue of whether an employee handbook constitutes a contract should be submitted to the jury when the issue of the contract's existence is questioned and the evidence is either conflicting or is capable of more than one inference." *Hessenthaler*, 616 S.E.2d at 697. "In most instances, judgment as a matter of law is inappropriate when a handbook contains both a disclaimer and promises." *Id*. A court should intervene to resolve the handbook issue as a matter of law only when the handbook statements and the disclaimer, taken together, establish beyond any doubt that an enforceable promise either does or does not exist. *Id*.

Here, Plaintiff has alleged the existence of a progressive discipline policy. Plaintiff alleges that Defendants breached the employment contract when she was terminated without any prior warnings or discipline. As the South Carolina Supreme Court noted in *Hessenthaler*, "mandatory, progressive discipline procedures may constitute enforceable promises." 616 S.E.2d at 698. Whether the progressive disciplinary procedure was mandatory and whether such a policy constituted an enforceable promise altering the Plaintiff's at-will status cannot be resolved at the motion to dismiss stage. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a plausible claim for breach of an employment contract based on the allegation that

Defendants failed to follow a progressive disciplinary procedure and terminated Plaintiff in violation of that policy.

To the extent Plaintiff attempts to allege a breach of employment contract claim based on her allegations of discrimination and hostile work environment, Plaintiff has an adequate statutory remedy under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA'). It is well-settled in South Carolina that "when a statute creates a substantive right . . . and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy." *Lawson v. South Carolina Dep't of Corrs.,* 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000) (citing *Campbell v. Bi-Lo, Inc.,* 301 S.C. 448, 392 S.E.2d 477 (Ct. App. 1990)); *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 413 S.E.2d 18 (1992) (public policy discharge claim not allowed where employee had remedy under Fair Labor Standards Act); *Natal v. Sisters of Charity*, No. 3:05-3617-CMC-BM, 2006 U.S. Dist. LEXIS 75909 (D.S.C. Sept. 11, 2006) (dismissing tort claim based on same allegations supporting ADA claim); *Zeigler v. Guidant Corp.*, 2008 WL 2001943, *2 (D.S.C.); *Bolin v. Ross Stores, Inc.*, 2009 WL 363990, *4 (D.S.C.) *Epps v. Clarendon County*, 405 S.E.2d 386, 387 (S.C. 1991) (public policy discharge claim not allowed where employee had remedy under 42 U.S.C. § 1983); *see also Heyward v. Monroe*, 166 F.3d 332 (4th Cir.1998) (public policy discharge claim not allowed where employee had remedy under Title VII); *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179 (Md. 1989) (same); *Cavin v. Honda of American Mfg.*, 346 F.3d 713 (6th Cir.2003) (public policy discharge claim not allowed where employee had remedy under the FMLA).

Plaintiff's breach of employment contract claim based on the Defendants' failure to follow its progressive discipline procedure before terminating Plaintiff may proceed. Plaintiff's breach of

9

employment contract claim based on Defendants' alleged discrimination and creation of a hostile work environment is dismissed as Plaintiff has an adequate statutory remedy for her discrimination and hostile work environment claims.

## II.     Violation of Privacy Rights - Eighth Cause of Action

Plaintiff's violation of privacy cause of action is based on Plaintiff's allegation that Defendants allowed their employee to publish Plaintiff's private medical records including pictures of her breasts. Because it is clear that a private right of action does not exist based upon HIPAA violations, the Magistrate Judge recommended dismissing Plaintiff's eighth cause of action only to the extent Plaintiff sought recovery based on HIPAA violations. *See Segen v. Buchanan General Hosp., Inc.*, 552 F. Supp. 2d 579, 584 (W.D.Va. 2007) (stating "a private right of action does not exist based upon HIPAA violations"); *Haranzo v. Dep't of Rehabilitative Servs.*, No. 7:04cv00326, 2005 WL 3019240, **4-5 (W.D. Va. Nov. 10, 2005); *Healthtek Solutions, Inc. v. Fortis Benefits Ins. Co.*, 274 F. Supp. 2d 767, 775 (E.D.Va. 2003). Plaintiff did not object to the Magistrate Judge's finding regarding her eighth cause of action and indicated that her violation of privacy rights cause of action was not based on an alleged violation of HIPAA. The Court agrees with the Magistrate Judge's recommendation that Plaintiff's violation of privacy rights cause of action should be dismissed only to the extent it seeks recovery for alleged HIPAA violations.

## III.    Breach of Implied Covenant of Good Faith and Fair Dealing - Tenth Cause of Action

In her response to Defendants' motion to dismiss, Plaintiff indicated that she consented to the dismissal of her cause of action for breach of implied covenant of good faith and fair dealing.

**IV.     Proper Corporate Defendants**

In their motion to dismiss, Defendants asserted that the only proper corporate defendant was Hilton Grand Vacations Company, LLC. Defendants assert that the other corporate Defendants did not employ Plaintiff, are not related to Plaintiff's claims, and are not properly identified in Plaintiff's Complaint. Plaintiff did not respond to Defendants' argument regarding the proper party defendant. Accordingly, the Magistrate Judge recommended that Hilton Worldwide d/b/a Hilton Grand Vacations at Myrtle Beach, Hilton Resorts Corporation, and Hilton Grand Vacations Management Company, Inc. be dismissed from the case and the caption amended to reflect their dismissal with the only remaining corporate defendant being Hilton Grand Vacations Company, LLC. Plaintiff did not object to the Magistrate Judge's recommendation. In absence of an objection from the Plaintiff, the Court agrees with the Magistrate Judge. Hilton Worldwide d/b/a Hilton Grand Vacations at Myrtle Beach, Hilton Resorts Corporation, and Hilton Grand Vacations Management Company, Inc. are dismissed from the case. The caption shall be amended accordingly.

## Conclusion

Having reviewed the record and applicable law, the Court respectfully rejects in part the Report and Recommendation of the Magistrate Judge. The Court agrees with the conclusions of the Magistrate Judge as to Plaintiff's eighth cause of action (violation of privacy rights) - that the eighth cause of action should be dismissed only to the extent it seeks recovery for alleged HIPAA violations. The Court also agrees that Defendant Hilton Grand Vacations Company, LLC is the only proper corporate defendant in this case. Defendants Hilton Worldwide d/b/a Hilton Grand

Vacations at Myrtle Beach, Hilton Resorts Corporation, and Hilton Grand Vacations Management Company, Inc. are dismissed without prejudice.

The Court rejects the portion of the Report and Recommendation that recommends dismissing Plaintiff's sixth cause of action - breach of employment contract. Defendants' [ECF #5] motion to dismiss Plaintiff's sixth, eighth, and tenth causes of action is **GRANTED in part and DENIED in part**. Specifically, Plaintiff's sixth cause of action for breach of contract based on Defendants' failure to follow its progressive discipline policy before terminating Plaintiff may proceed and Defendants' motion to dismiss is **DENIED**. Plaintiff's breach of contract claim based on Defendants' alleged discrimination and creation of a hostile work environment is dismissed. Plaintiff's eighth cause of action for violation of common law privacy rights is dismissed only to the extent it seeks recovery for alleged HIPAA violations. Plaintiff's tenth cause of action for breach of implied covenant of good faith and fair dealing is dismissed with the Plaintiff's consent. Therefore, the remaining claims proceeding at this stage are: 1) first cause of action - hostile work environment; 2) second cause of action - sexual harassment/sex discrimination; 3) third cause of action - retaliation; 4) fourth cause of action - age discrimination; 5) fifth cause of action - disability discrimination; 6) six cause of action - breach of an employment contract; 7) seventh cause of action - wrongful retention of wages; 8) eighth cause of action - violation of right to privacy; 9) ninth cause of action - intentional infliction of emotional distress; and 10) eleventh cause of action - defamation.

Additionally, the only proper corporate defendant is Hilton Grand Vacations Company, LLC. Hilton Worldwide d/b/a Hilton Grand Vacations at Myrtle Beach, Hilton Resorts Corporation, and Hilton Grand Vacations Management Company, Inc. are dismissed without

prejudice from the case.  The caption shall be amended as follows: *Laura Acosta v. Hilton Grand Vacations Company, LLC, and Mark Lamonica*.

**IT IS SO ORDERED.**

September 8, 2015                              s/ R. Bryan Harwell
Florence, South Carolina                       R. Bryan Harwell
                                               United States District Judge