UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Laura Acosta, | ) | Civil Action No.: 4:15-cv-00495 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hilton Grand Vacations Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Hilton Grand Vacations Company's [ECF No. 83] motion for reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure. Specifically, Defendant seeks reconsideration of this Court's Order [ECF No. 78] granting in part and denying in part Defendant's motion for summary judgment.

**Factual and Procedural Background**

Plaintiff originally alleged the following claims arising from her employment with the Defendant: 1) hostile work environment; 2) sexual harassment/sexual discrimination; 3) retaliation; 4) age discrimination; 5) disability discrimination; 6) violation of the South Carolina Wages Act; 7) breach of employment contract; 8) violation of privacy rights; and 9) defamation. Plaintiff either consented to the dismissal or withdrew her claims for breach of employment contract, age discrimination, violation of the South Carolina Wages Act, invasion of privacy, and defamation. On March 30, 2017, the Court granted Defendant's motion for summary judgment on Plaintiff's hostile work environment claim, sexual harassment/sexual discrimination claim, and disability discrimination claim. The Court denied Defendant's motion for summary judgment as to Plaintiff's retaliation claim.

**Standard of Review**

"Where a district court issues an interlocutory order such as one for partial summary judgment 'that adjudicates fewer than all of the claims,' the court retains discretion [under Rule 54(b)] to revise such order 'at any time before the entry of a judgment adjudicating all the claims.'" *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson*, 856 F.3d at 325 (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)).

**Discussion**

Plaintiff's only remaining claim is that she was retaliated against when she was terminated after reporting alleged discriminatory conduct to her employer. A plaintiff may establish a prima facie case of retaliation under Title VII by proving three elements: 1) she engaged in a protected activity; 2) that her employer took adverse action against her; and 3) that a causal relationship existed between the protected activity and the adverse employment activity. *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 250 (4th Cir. 2015). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). If the employer meets this burden, the plaintiff must then prove by a preponderance of the evidence that the employer's stated reasons were not its true reasons, but were in fact a pretext for retaliation. *Hoyle*, 650 F.3d at 337; *Mercer v. PHH Corp.*, 641 Fed. Appx. 233, 240 (4th Cir. 2016). In order to establish pretext, a Title VII retaliation plaintiff must prove that his or her protected activity was a

but-for cause of the adverse employment action by the employer. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2532-34 (2013); *Foster*, 787 F.3d at 252.

In denying Defendant's motion for summary judgment as to Plaintiff's retaliation claim, the Court found that Plaintiff had established a prima facie case of retaliation. The Court also found that Defendant had met its burden of establishing a legitimate, nondiscriminatory reason for Plaintiff's suspension and termination. The Court found genuine issues of material fact as to whether Plaintiff engaged in protected activity and whether Defendant's stated reasons for Plaintiff's termination were a pretext for retaliation.

In support of its motion for reconsideration, Defendant argues reconsideration is warranted "due to a misreading of the undisputed record evidence." Defendant contends that based on the undisputed evidence of record, no triable issue of material fact exists as to whether Defendant's legitimate, nondiscriminatory reasons for Plaintiff's suspension and termination were a pretext for unlawful retaliation. Defendant argues the Court's cited grounds for finding a genuine issue of material fact as to pretext are unsupported by the undisputed record evidence.

First, Defendant argues the Court incorrectly concluded that Plaintiff was provided different explanations at different times for her suspension and termination. However, Plaintiff argues in her response that she was, in fact, provided different reasons for her suspension and termination at different times. Whether Defendant offered different, shifting justifications for Plaintiff's suspension and termination is clearly a question of fact for the jury. Defendant may, of course, cross-examine Plaintiff vigorously on that point, but it is not the Court's function to weigh the evidence and resolve issues of credibility on a motion for summary judgment.

Second, Defendant argues there is no evidence to support a finding of temporal proximity

3

between Plaintiff's protected activity and her suspension and termination and the Court should, therefore, reconsider its conclusion that temporal proximity between Plaintiff's protected activity and termination is probative of pretext. Plaintiff was informed of her termination on May 11, 2013. Her last day of work was May 14, 2013. As the Court noted in its Order denying summary judgment on the retaliation claim, Plaintiff alleged she engaged in protected activity two weeks prior to her termination. Plaintiff also indicated she engaged in protected activity on May 7, 2013. Plaintiff further testified that she complained about Kevin Kahler's alleged discriminatory conduct during her employment - well before her termination. It is possible that Plaintiff engaged in protected activity on more than one occasion. The Court specifically stated that "[a]ssuming Plaintiff's version of events is true, Plaintiff made multiple complaints regarding alleged discriminatory conduct and practices prior to her suspension and termination." [Order, ECF No. 78 at 18]. Defendant's view that Plaintiff has offered different and inconsistent versions of the events is simply fodder for cross-examination. Viewing the evidence in the light most favorable to the Plaintiff, multiple complaints were made to Defendant regarding alleged discriminatory conduct and Plaintiff was suspended and terminated shortly after at least one of those alleged complaints. Accordingly, the Court's conclusion regarding temporal proximity does not amount to clear error.

Finally, Defendant argues the Court mistakenly held that Defendant delayed addressing Plaintiff's policy violations until after her alleged protected activity. In its Order, the Court simply stated "there is no documentation of the reasons given for Plaintiff's termination until after she complained about *Kahler's* conduct." According to her deposition, Plaintiff's complaints about Kahler occurred "quite some time" before her termination - before any documentation concerning her alleged policy violations. Defendant relies on documentation dated May 6 and 7, 2013. Based

on the Court's understanding of the time line of events, the documentation to which Defendant refers was made after Plaintiff's complaints about Kahler's conduct.

In summary, Defendant has failed to set forth an adequate basis for the Court to reconsider its Order granting in part and denying in part Defendant's motion for summary judgment. There is no new evidence or change in applicable law. More importantly, Defendant has failed to show a clear error causing manifest injustice. The purported factual inaccuracies identified by Defendant may be raised on cross-examination and argued to the jury. To be sure, Plaintiff's retaliation claim is weak. At the same time, viewing the evidence in the light most favorable to the Plaintiff, there are genuine, triable issues of material fact concerning Plaintiff's alleged protected activity and whether Defendant's legitimate, nondiscriminatory reasons for Plaintiff's suspension and termination were a pretext for unlawful retaliation.

## **Conclusion**

For the reasons stated above, Defendant Hilton Grand Vacations Company's [ECF No. 83] motion for reconsideration is **DENIED**.

July 11, 2017  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge